B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFFS<br>**JOSE L RODRIGUEZ RUIZ**<br>**JO ANNE VAZQUEZ RODRIGUEZ**<br>**BARRIO ARENAS CALLE PRINCIPAL 336**<br>**Guanica, PR 00653** | DEFENDANTS<br>**Retirement System Administration (RSA)**<br>   **Government Employees Association (AEELA)**<br>   **Puerto Rico Police Department (PPD)**<br>   **Secretary of Justice** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**ELBIA I. VAZQUEZ DAVILA 208810**<br>**LCDA. ELBIA I. VAZQUEZ DAVILA**<br>**CALLE PRINCIPAL NUM. 21**<br>**URB. EL RETIRO**<br>**SAN GERMAN, PR 00683**<br>**(787)892-0300 Fax: (787)892-0310** | **ATTORNEYS** (If Known)<br>**Rosario Vidal Arbona (AEELA) at:   PO Box 364508 San Juan PR 00936-4508** |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☒ Creditor | ☒ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION: Complaint brought under Sections 105, 362, 524 for Contempt and for Damages for the Violation of the Automatic Stay and Discharge Injunction against the Commonwealth Retirement System Administration (RSA) and others, for the illegal retention of wages and wrongful deduction of monthly amounts from paycheck for the purpose of collecting payment of unsecured discharged debt arising from an unperfected mortgage contract related to a surrendered property.**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ X ] 11-Recovery of money/property - §542 turnover of property
[ X ] 12-Recovery of money/property - §547 preference
[  ] 13-Recovery of money/property - §548 fraudulent transfer
[ X ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[  ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[  ] 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[  ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[  ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[  ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[  ] 62-Dischargeability - §523(a)(2), false pretenses,
       false representation, actual fraud
[  ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
       embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[  ] 61-Dischargeability - §523(a)(5), domestic support
[  ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[  ] 63-Dischargeability - §523(a)(8), student loan
[  ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
       (other than domestic support)
[  ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[  ] 71-Injunctive relief - imposition of stay
[X] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[  ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ X ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[  ] 01-Determination of removed claim or cause

**Other**
[  ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[  ] 02-Other (e.g. other actions that would have been brought in state
       court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|

**B104 (FORM 104) (08/07), Page 2**

| ☐ Check if a jury trial is demanded in complaint | Demand $ |
|---|---|
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**JOSE L RODRIGUEZ RUIZ**<br>**JO ANNE VAZQUEZ RODRIGUEZ** | | | BANKRUPTCY CASE NO.<br>**15-07632** |
| DISTRICT IN WHICH CASE IS PENDING<br>**District of Puerto Rico** | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>**/s/ ELBIA I. VAZQUEZ DAVILA**<br>**ELBIA I. VAZQUEZ DAVILA 208810** | | | |
| DATE<br>**September  9, 2016** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**ELBIA I. VAZQUEZ DAVILA 208810** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case  Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
José Rodríguez Ruíz
Joanne Vázquez Rodríguez
    Debtors

_____

José Rodríguez Ruíz
Joanne Vázquez Rodríguez

    PLAINTIFFS
-------------------------------------------------
Vs.

Secretary of Justice, Cesar Miranda
Retirement Administration System, Pedro
R. Ortíz Cortéz, Director
Police Department, José L. Caldero López,
Police Superintendent
 Puerto Rico Comonwealth Employees
Association
    DEFENDANTS

_____

Roberto Román Valentín

CHAPTER 7 TRUSTEE

CASE NO. 15-07632

CHAPTER 7

Adversary _____

Contempt and Damages for the Violation of
The Authomatic Stay and Discharge Injuction:
Leave of Court to Initiate Preference Transfer
Action not initiated by the Trustee

## **COMPLAINT**

**PRELIMINARY STATEMENT:**

1. This is an action for contempt, and for declaratory, injunctive relief and damages.
   Defendants have been collecting a debt willfully and in reckless disregard of Plaintiff's
   rights.   Repeatedly, Defendants have chosen to ignore the automatic stay, discharge

2

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

provisions and Plaintiff's demands. Since the filing of the Bankruptcy Petition and up to this moment, Defendants have been deducting the monthly amount of $763.00 from First Plaintiff ongoing wages for the purpose of the payment of an unperfected security interest relating to a property surrendered within Plaintiffs' Bankruptcy Case. Those funds are exempt from collection due to this bankruptcy proceeding and the surrender of the property.

2. This Complaint brings to the attention of this Court a series of irregularities that have become the new normal when dealing with the public retirement system.

**JURISDICTION, VENUE and PARTIES:**

3. This Court has jurisdiction under 28 U.S.C. § 1334.  This proceeding is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment.

4. This Complaint is filed by Plaintiff under 11 U.S.C. §§ 105, 362 and 524 to remedy violations against Plaintiffs' rights.  Additionally, the complaint is brought under 11 U.S.C. § 547 for the moneys collected within the prior 90 days of the filing of Plaintiffs' bankruptcy case.

5. Plaintiffs Jo Anne Vazquez Rodriguez (First Plaintiff) and Jose Rodriguez Ruiz (Second Plaintiff) are Debtors in the above-captioned voluntary petition under chapter 7 of title 11, United States Code.

6. Defendant, the Police Department is a Public Agency of the Commonwealth of Puerto Rico and is the Employer of both Plaintiffs.

7. Defendant, the Administration of Retirement Systems for Public Employees of the Commonwealth of Puerto Rico ("ARS", "RSA" or "System")  is "[deemed as] a trust" that administers the funds of the participants of the system (all active employees) and retirees, and their dependents.

8. Defendant Pedro R. Ortíz Cortéz, is the Director of the ARS;  and is hereby included in his official capacity.

3

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

9. Defendant José L. Caldero López is the Police Superintendent and is hereby included in his official capacity.

10. Defendant, the Puerto Rico Commonwealth Employees Association (AEELA) is an institution created by virtue of Act No. 133 of June 28, 1966 for the purpose of serving active employees and pension-covered members of the Government of Puerto Rico and their relatives.

**FACTS:**

11. First and Second Plaintiff enter to work at the Police Department between the years 2002 and 2003, respectively.

On October 2009, Plaintiffs incurred in a "mortgage" loan payable to the System, for the purpose of acquiring a property as residence.  This obligation was evidenced by a Note. To guarantee the payment, Debtor subscribed a mortgage deed in favor of the SYSTEM, which was presented before the Land Registry of Puerto Rico.  The System charged Plaintiffs for all recordation and notary work required.

12. By the time First plaintiff bought the residence she worked in the Police Force assigned to Vega Baja.

13. On or around 2014 First Plaintiff was transferred to the San German District of the police department.

14. On September 30, 2015, Plaintiffs filed their petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code.

15. On Form 8, Statement of Intention, Plaintiffs listed their intention to surrender the collateral that guarantee the mortgage loan:    as described in the petition: Concrete House One Level (3 bedrooms, bathrooms, kitchen, living & dining room) In 216.03 square meters located at *Urbanización Villa Piñares Solar 1C Vega Baja Puerto Rico*.

It's legal description in as describe in the Deed is as follow:

  *Urbana: "Parcela de terreno en la Urbanización Villa Pinares, situado en el Barrio Pugnado Afuera del Término municipal de Vega Baja, Puerto Rico y que se describe en el plano de inscripción de la urbanización con el número, de solar 1-C con una cabida 216.03 metros cuadrados.  En lindes por el Norte, en una distancia de 18.03 metros con remanente de la finca principal por el sur, en una distancia de 18.00 metros con*

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

*remanente de la finca principal por el Sur, en una distancia de 18 metros con el solar # 2, por el Este, en una distancia de 12.00 metros con calle # 3 y por el oeste, en una distancia de 12.00 metros con el solar # 18"*.

16. Upon the filing their Petition, Plaintiffs surrendered the title of their home to Second Defendant and moved out of the property.  The outstanding balance of the mortgage debt in favor of the System in the amount of $93,184.00, was listed in Schedule D.

17. The Police Department, the System and AEELA were notified of the Petition and in October 22, 2015 the system filed a secured claim in the amount of $93,155.07

18. Plaintiffs obtained their discharge on April 8, 2016.

19. Among the debts discharged by the Order of April 18, 2016 in Plaintiffs' bankruptcy case was said debt, arising out of a mortgage contract and listed in Schedule D of the Petition.

20. In light of the surrender of their property to the System, Plaintiffs and their daughter of 12 years-old abandoned the possession in their home and moved to San German to a rented property.  The monthly installment on the rent is $425.00, exclusive of utilities and any other service.

**BANKRUPTCY PROCESS:**

21. The System received notice of Plaintiff's bankruptcy petition on or about October 4, 2015.  On October 9 Debtor notified the filing to Retirement System . See Exhibit A.

22. On October 22, the System and AEELA filed Claim No. 2, claiming a "Secured Claim **secured by real estate**" in the amount of $93,155.   *See* Paragraph 5 of Proof of Claim No. 2.   POC is attached as Exhibit B.

23. Notwithstanding notice and appearance, the Police Department and the System continued making post-petition  deductions from the First plaintiff salary, in willful violation of the Automatic Stay created by Plaintiffs petition and in disregard of its duties under state and otherwise applicable federal law.

24. At the time, since it was the first and second salary payment post-petition and other governmental dependencies or agencies take about one month to process the employee situation as a Debtor in Bankruptcy, after which time, they return unduly

5

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

withheld amount to the Debtor, Plaintiff - through counsel - proceeded to contact the Police Department and the System telephonically.  The employee indicated that the Bankruptcy Petition had indeed been processed by the system, and provided counsel with the contact of the person in charge of this matters, for further inquiry.

25. On November  payments were still being withheld from Plaintiff's paycheck. In this case, Plaintiff went to the supervisor in charge, which indicated that it had no power or authority to stop the deductions.  She indicated that even if she successfully eliminated such payment from the next paycheck, this would result in a double deduction of the next paycheck.  All efforts to communicate with the contact given by the System and the person who signed the claim, were unsuccessful.  For this reason, Counsel sent an email indicating the situation and requiring immediate compliance with the Bankruptcy Stay.   E-mail is attached as Exhibit C.

26. On December, Counsel sent a certified letter to the contact provided for by the System, with copy to the addresses found in the System's webpage and in the AEELA's webpage, with copy to the person signing the claim.  Letter is attached hereinto as Exhibit D.

27. On January 12, 2016, Plaintiffs received a letter from the insurance company (United insurance and Indemnity Company) directly to their address.  This letter notified that the insurance expired that day, and that the same had not been renewed for which it would be cancelled.  As evidenced by the letter, both the Plaintiffs and the Second Defendant were simultaneously notified of this information. Not only was Second Defendant unlawfully withholding debtor's income, but it was also benefiting from the whole deduction notwithstanding the fact that it was not providing payment for the insurance it was charging the Plaintiff.

28. All efforts to communicate and all contact with Defendants have been futile.  Notwithstanding their knowledge of the situation, they all have recklessly and willfully violated Debtor's Stay.  They have also violated the discharge injunction.

6
In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

29. First Plaintiff's mental and emotional health have started to decline, for which she sought and is currently undergoing therapy and treatment. *See* below.

## STATUTORY AND LEGAL FRAMEWORK:

### *APPLICABLE STATE LAW*:

30. The Employee Retirement System of the Government of the Commonwealth of Puerto Rico is "[deemed as] a trust" that administers the funds of the participants of the system (all active employees) and retirees, and their dependents. The System ("to be 'deemed as a Trust'") was originally created for the "benefit of the participating members of its membership and for the benefit of their dependents and beneficiaries for the payment of retirement annuities, disability annuities, death benefits and annuities, and other benefits, upon fulfillment of conditions set forth" under Act No. 447, of May 15, 1951, as amended by Act No. 305 of 1999, Act No. 196 of 2011, Act. No. 32 of 2013, and Act No. 3 of 2013.   These amendments have eliminated almost all the "benefits" for which the system was created originally.  The contributions are now strictly personal, not inherited.

31. For this reason, the legal provisions applying to each member depends on the time they entered the work force.   Their time of service in the public workforce and the amount of years dictate the moment where they can or are forced to retire.  However, the benefits, participation and pension to which they are entitled is strictly defined by one of the three amendments that the two main relevant provisions have suffered in the last ten (10) years.  Plaintiffs belong to the group that is commonly referred to as the "2000 Reform"

32. Plaintiffs are both policemen and women.  Having entered the force after the year 2000, they belong to a group of public officers over which backs falls the burden of a driven-to-ruins retirement system.  As the Public Act No. 3 of 2013 textually read:

*"The burden falls on the participants of the Reform 2000: Participants who enrolled in the System after January 1, 2000 under the Reform 2000 **are contributing the***

7

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

*same or more than other active members, but shall receive at the time of their
retirement, less benefits than participants under the previous laws. Moreover, if
the necessary changes are not implemented, the assets of the Public Employees
System could be depleted by the time the participants of the Reform 2000 are
entitled to recover their contributions."* (Emphasis ours).

33. . The Retirement law has changed dramatically. Even the personal contributions of
each participant under Reform 2000 are not guaranteed and are subject to one
condition: *"if the necessary changes are not implemented, the assets of the Public
Employees System could be depleted by the time the participants of the Reform
2000 are entitled to recover their contributions." Supra*.

34. The amendments in some instances has created contradictions between different

sections of the law.

35. It is therefore necessary to begin by citing the provisions alleged under the proof

of claim:   mortgage guaranteed by the collateral and the allege statutory lien

created by  law.

36. Section 4-106 of Law 196, 2011 states:

 System Fund Investment in Employee Loans. –
(1) The funds of the System may be invested in loans to permanent employees who are
members of the System for the construction, expansion, or acquisition of their own homes,
or the refinancing thereof, as well as in personal loans under the following terms and
conditions:
(a) Mortgage Loans. - The System may grant mortgage loans subject to the following
conditions:
(1) ………………………
(2) ………………………
(3) The loan **shall be secured by a first mortgage on the real property** for whose
acquisition, extension, or refinancing the loan was made, **for the contributions accrued
and to be accrued on behalf of the borrower in the System**, and in the amount that may
correspond to the estate or the person the borrower would have designated as a
beneficiary in case of death of the borrower, as provided in Sections 2-113 and 2-114, or
Section 3-110 of this Act.   Said contributions and amounts may be applied by the
Administrator to the repayment of any of the participant's debts with the System, subject
to the priority established Section 4-110 of this Act. (Emphasis ours).

8

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice

Case No. 15-07632

"Section 4-110. – Loan Collections and Administration; Credit Priority. – The Administrator is hereby empowered to collect, from any amount a participant is entitled to receive as a **final liquidation for accrued regular vacation or sick leave owed by the agency, entity, or department** in which he/she worked, or from the savings liquidation that the Puerto Rico Government Employee Association must make, or from the contributions or interest accrued on the System, any amount owed for personal, cultural, or mortgage loans, or loans originated as provided in Section 2-119 of this Act, by said participant when he/she permanently ceases or separates from service.

37.  Section 4-110 refers only to a credit priority at the time the participant retires.  This

     This section also establishes a proceeding in cases where the participant enters in

default in their loans.  This proceeding was not fallowed in the present case.


The Administrator shall determine the manner and conditions under which such loan amounts and any interest accrued thereon, with respect to the loans of the System, shall be collected. "……. If the personal, cultural, and mortgage loans granted by the System, and loans granted pursuant to the provisions of Section 2-119 of this Act, are in arrears (in the case of loans originated by the System), Savings and Credit Unions, and  Cooperative Bank of Puerto Rico (in the case of loans originated by these entities) shall grant the borrower, whether he/she is a participant or a pensioner, a term of 30 days through a written notice sent by certified mail, warning him/her that if he/she fails to pay or make the necessary arrangements with the System (in the case of loans originated by the System), …………… such debt shall become due in its entirety, and the individual contributions of the participants, or the balance in their savings account shall be garnished and, whichever may be the case, applied to the debt. ………

In the collection notice, the Administrator (in the case of loans originated by the System), Savings and Credit Unions, and the Cooperative Bank of Puerto Rico (in the case of loans originated by these entities) shall advice the participant of the consequences of the application of his/her individual contributions in relation to the benefits granted by the System. He/she shall also inform the participant of his/her right to return such contributions, with the corresponding interest, to restore the credits in years of service that such contributions represent, subject to the rules or restrictions established by the Administrator.


**LEGAL ARGUMENTS:**

38. Claim 2 refers to a debt executed as stated, as a security interest over a residence,

    arising out of a mortgage contract, a voluntary agreement not a personal loan nor

    any other type of debt that the System provides.  See documents attached to claim

9

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

2, clearly stating the guarantee for the note is a "mortgage" over the "real property", secured by contributions of the participant.

39. Under   11 USC 101(53) of the Bankruptcy Code the mortgage loan cannot be a "mortgage" and at the same time a statutory lien.  Even if we consider, for the purpose of the discussion that the mortgage loan is at the same time a statutory lien, the System has violated their own law and regulations depriving Plaintiffs of their property in violation of the due process of law.  First Plaintiff's salaries are not Plaintiff's contributions.  In any case, no procedure was followed by the System to apply Debtor's contributions to any loan in arrears.

40. The term "statutory lien" means lien **arising solely** by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute. (Our emphasis).

41.  This   mortgage claim regarding a surrendered property and the discharged debt has been under collection directly from First Plaintiff's employment check at the bi-monthly rate of $386.00, in violation of the automatic stay and now also the Discharge Order.  The basis alleged on the proof of claim – security interest giving rise to a secured debt (on the former residence) - contradicts any contention of having a secured claim by virtue of a statutory lien under Law 447.  This intentional lack of distinction fails to consider the nature of the loan which from its inception, was a mortgage loan  and cannot defeat the provisions of 11 USC 101(53), whereby a security interest cannot be treated as a statutory lien.

42.  Defendant, with purpose and intent, is confusing the terms statutory lien with a security interest.  Moreover, Defendant is confusing  a provision of credit priority (Section 4-110) with the manner by which the administrator is required to act *in case of default* (let us be reminded that since Defendant has been illicitly taking nearly $800 from Plaintiff's monthly salary she has never been in default.  Therefore, the administrator could not have declared the loan due and payable –

10

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

which is what (after due notice as required by the law) would, in any case, give the administrator the authority to "liquidate" the loan and proceed with the recovery process it is required to undertake.

43. An exception to the stay provision, enacted in 2005 authorizes the originally voluntary continued withholding of wages for repayment of retirement fund loans. The wage withholding must be for repayment of a loan from a plan under section 408(b)(1) of the Employee Retirement Income Security Act (ERISA) or that is subject to section 72(p) of the Internal Revenue Code, or from a thrift savings plan in the Federal Employee's Retirement System.  As was hereinto explained, this is not First Plaintiff's case.

44.  Apparently, the System is relying on   11 U.S.C. § 362(b) (19).  This provision also states that nothing in section 362(b) (19) may be construed to provide that either a loan made under a governmental plan under section 414(d) of the Internal Revenue Code, or a contract or account under section 403(b) of the Internal Revenue Code, constitutes a claim or a debt for purposes of a bankruptcy proceeding.  This provision does not apply.

45.  Any interpretation to the contrary is intrinsically erroneous:  If a mortgage loan is not a "debt" nor a "claim" then the System could not recover any proceeds from the collateral.   Since the foreclosure of a property under the Bankruptcy law must relate to a secured claim and the personal responsibility regarding that claim gets discharged under Section 524 of the Bankruptcy Code, Defendants must immediately cease any attempt to collect and must immediately return all funds illicitly withheld from Plaintiff's paycheck.

46. Defendants continued attempts to collect the debt, through their refusal to release the unlawful lien created by itself, constitute willful violation of the discharge injunction in 11 USC 524.

47. After Bankruptcy and due to the fact that the System has continued to deduct

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

$763.00 from Plaintiff's monthly salaries, they have incurred in loans made to family members in the amount of $6,700.00.

48. Also, the deductions made in the three-month period prior to the filing of the above-referenced bankruptcy case constitute a preference transfer which Plaintiffs request this Honorable Court to annul.

**RELIEF REQUESTED:**

49. Plaintiffs have been illicitly deprived of nearly $8,500.00 from First Plaintiff's Paycheck.  WHEREFORE Plaintiffs are entitled to this amount in full as actual damages.

50. Plaintiffs relatives loaned the amount of $6,700.00 for their daily needs. WHEREFORE, Plaintiffs request that this full amount be reimbursed.

51. The System is the recipient of a preference Transfer of the funds withheld during the three-month period prior the filing of the Petition.  The Trustee did not file any motion for the avoidance of such preference transfer.  WHEREFORE, Plaintiffs request the turnover of the amount of the $2,289 deducted in the three-month period prior to the filing as a preference transfer.

52. Plaintiffs have suffered physical detriment, as they have been forced to skip meals and sacrifice part of their grocery list.  Plaintiffs have had their daily living invaded by this situation; the anguish of not being able to provide their daughter for the full amount of moneys required for her school-related activities; the shame of having to turn down work-related activities and repeatedly appearing before the supervisor and other paystub employees to demand the bi-monthly withholding of worked and earned funds; all material and mental efforts in which Plaintiffs have engaged in appearing at the Central and regional Offices of the System and AEELA demanding them to cease the withholding to which the Police Department claims no authority to stop.  Plaintiffs have confronted the shame of having to explain their co-workers and other public employees that have dealt with the case, that

12

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

their demands do not relate to the public funds or the benefits, participation or pension of other employees but merely to First Plaintiff's constitutional right to perceive the fruits of her work and employment and the Police Department's constitutional obligation to compensate her for her labor. The situation caused by the Defendants has relegated Plaintiffs (and their daughter) to the precarious situation that it is evident for their co-workers, friends and family. Some who have openly condemn them, as if they were requesting a favor (not a constitutional right); some have taken another road and have extended their solidarity in a manner which has not been less shameful to Plaintiffs, as visiting their home with groceries (without them asking), shoes for their daughter, or with a $20.00 bill.

Defendants filed a Proof of Claim, naming as creditor "Retirement System AEELA". Defendants is liable for all damages caused under Sections 105, 106, 362, and 524 in the amount of $60,000. WHEREFORE Plaintiffs are entitled to the amount of $60,000.00 for damages caused as a result of Defendants willful violation of these provisions and for the reckless disregard of Plaintiffs' federal and state rights, as well as their rights under this Bankruptcy Proceeding or such additional amount as it is after this filing alleged by amendment.

53. Plaintiffs are entitled to attorney's fees under Sections 105, 106, 362 and 524. WHEREFORE Plaintiffs request attorney's fees and expenses in the amount of $15,000.00 or such additional amount as it is afterwards requested by amendment.

/s/ Elbia I. Vázquez Dávila
USDC # 208810
Attorney for Debtor's
Calle Principal #21, Urb. El Retiro
San Germán, PR 00683
TEL. 892-0300 FAX. 888-630-4498
evazquezdavila@yahoo.com

13

In Re: Jose Rodriguez Ruiz Vs. Secretary of Justice
Case No. 15-07632

EXHIBIT A

ASR-CS-001
Rev.Ene.13
OFICIAL

ADMINISTRACION DE RETIRO

2015 OCT -9 AM 10: 16


**RETIRO**
ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE RETIRO

2015 OCT -9 AM 10: 12

## RECIBO DE DOCUMENTOS POR RECLAMACIÓN
*(Para Uso Interno)*

### Entrega de los Documentos Descritos a Continuación:

Entrega de Decremento Legal P/H

Concepto:

Jo-Anne Vázquez      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

Nombre del Participante, Pensionado o Beneficiario:    Núm de Seguro Social últimos 4 dígitos

Policia de P R

Agencia, Corporación o Municipio

Documentos Entregados:

1. Sra Natalia Hernández

2. Directora Area de Prestamo.

3. ATT Sr. José Medina

4. 

5. Se Envian documentos Legales

6. de la Sra Joan-Vázquez ya que

7. la misma no puede Seccion a ASR Central

8. X Concelarón de Salud

9. Se habló con la Sra misma Muriel

10. para envio de documentos desde nuestra

Sucursal

### Recibido en la Administración de los Sistema de Retiro (ASR) Por:

Elizabeth Rivera

Nombre Completo del Empleado          Firma

Secretaria      09-10-2015      10:18 am

Puesto      Fecha *(Dia/Mes/Año)*      Hora

Conservación: Igual al expediente cual forma parte.

FORM B10          (Official Form 10) (4/98)

| United States Bankruptcy Court | District of **PUERTO RICO** | PROOF OF CLAIM |
|---|---|---|

| | | |
|---|---|---|
| Name of Debtor<br>**JO-ANNE VAZQUEZ RODRIGUEZ** | Case Number **15-07632EAG**<br><br>Chapter **7** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be file pursuant to 11 U.S.C § 503.

| | |
|---|---|
| Name of Creditor ( The person or other entity to whom the debtor owes money or property):<br><br>**ADMINISTRACION DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>**ADM. SISTEMAS DE RETIRO<br>PO BOX 42003<br>SAN JUAN PR 00940-2203**<br><br>Telephone number: 787-777-1500 | ☐ Check box if you have never received any notice from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| | This Space is for Court Use Only |

| | |
|---|---|
| Account or other number by which creditor identifies debtor :<br><br>**709-10817** | Check here ☐ replaces<br>if this claim ☐ amends<br>a previously filed claim, dated : _____ |

**1. Basis for Claim**

| | |
|---|---|
| ☐ Goods sold<br>☐ Services performed<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)<br>☐ Wages, salaries, and compensation (fill out bellow)<br><br>Your SS # : _____ _____ _____<br><br>Unpaid compensation for services performed<br><br>from _____ to _____<br>(date)          (date) |

| | |
|---|---|
| **2. Date debt was incurred:**<br>11/12/08 | **3. If court judgment, date obtained:** |

**4. Total Amount of Claim at Time Case Filed:**   $ 93155.07 +

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement . of all interest or additional charges

| **5. Secured Claim:** | **6. Unsecured Priority Claim:** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☒ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: **$2,874.88/$0.00** | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priori $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor business, whichever petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. & 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. & 507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or service for personal, family, or household use - 11 U.S.C. & 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. &507 (a)(7)<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. & 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. & 507(a)( ____ )<br><br>* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to case commenced on or after the date of adjustment. |

**7. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:**   Attach copies of supporting documents,   such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.   DO NOT SEND ORIGINAL DOCUMENTS.   If the documents are not available, explain.   If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclosed a stamped self-addressed envelope and copy of this proof of claim

This Spaces is for Court Use Only

| Date<br><br>10/22/15 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Prepared By   :   LUIS RIVERA CANO | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 year, or both, 18 U.S.C. § 152 and 3571.

## STATEMENT OF ACCOUNT

| DEBTOR: | | JO-ANNE VAZQUEZ RODRIGUEZ | | | | BPPR NUM: | | 709-10817 |
|---|---|---|---|---|---|---|---|---|
| BANKRUPTCY NUM: | | 15-07632EAG | | | | FILING DATE: | | 09/30/015 |

### SECURED LIEN ON REAL PROPERTY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Principal Balance as of | | 05/01/15 | | | | | | 92,596.19 |
| Accrued Interest from | | 05/01/15 | to | 09/01/15 | | | | 0.00 |
| Interest: | 0.000% | Accrued num. of days: | | 120 | Per Diem | 0.000000 | | |
| | | | | | | | | |
| Monthly payment to escrow | | | | | | | | |
| Hazard | $0.00 | Taxes | $0.00 | MIP | $0.00 | | | |
| A&H | $0.00 | Life | $0.00 | | | | | |
| Total montly escrow | | | $0.00 | Months in arrears | 3 | Escrow in arrears | | 0.00 |
| | | | | | | Accrued Late Charge: | | 558.88 |
| | | | | | | | | |
| Advances Under Loan Contract; | | | | | | | | |
| Title Search | $0.00 | Tax Certificate | $0.00 | Inspection | $0.00 | | | 0.00 |
| Other | | | | | | | | |
| Legal Fees: | | | | | | | | 0.00 |
| Total amount owed as of | | 09/01/15 | | | | | | 93,155.07 |

### AMOUNT IN ARREARS

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PRE-PETITION AMOUNT: | | | | | | | | |
| 3 | payments of | $772.00 | each one | | | | | 2,316.00 |
| | acummulated lated charges | | | | | | | 558.88 |
| Advances Under Loan Contract: | | | | | | | | |
| Title Search | $0.00 | Tax Certificate | $0.00 | Inspection | $0.00 | | | 0.00 |
| Other | $0.00 | | | | | | | |
| Legal Fees | | | | | | | | 0.00 |
| | | | | | | A = TOTAL PRE-PETITION AMOUNT | | 2,874.88 |
| POST-PETITION AMOUNT: | | | | | | | | |
| 0 | payments of | $772.00 | each one | | | | | 0.00 |
| | Late Charge | | | | | | | 0.00 |
| | | | | | | B = TOTAL POST-PETITION AMOUNT | | 0.00 |
| | | | | A + B = TOTAL AMOUNT IN ARREARS | | | | 2,874.88 |

### OTHER INFORMATION

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Next pymt due | | 05/01/15 | Interest rate | 0.000% | P & I | $698.52 | Monthly late charge | $34.93 |
| Investor | ADMINISTRACION DE SISTEMA DE RETIRO DE | Property address | | VILLA PINARES PASEO CIPRES 301 VEGA BAJA PR 00693 | | | | |

The subscribing representative of Administración de Sistemas de Retiro declares under penalty of perjury that according to the information gathered by ASR the foregoing is true and correct.


10/22/15

_____
ADMINISTRACION SISTEMAS DE RETIRO                                    DATE

SACCTFHA   LUIS RIVERA CANO

Q All    Search

✎ Compose

← Search results    ← ← →    🗑 Delete    📁 📤 ∨ ✕ ••• More ∨

**Inbox (19)**

Drafts (1452)

Sent

Spam (2)

Trash

˅ **Smart Views**

Important

Unread

Starred

People

Social

Shopping

Travel

Finance

˅ **Folders (9999+)**

›  1-RECEIPT OF FILI...

11-DERECHO... (478)

111-EPIC SEN... (15)

12-BK Chpt. ...  (5)

13-341 MEETINGS

›  13-362 RELIEF OF .

13-ALEJANDRO OLIV..

13-CERTIFIC... (257)

13-COMPEN... (4)

›  13-CONFIRMATION

13-DEBTORS... (24)

13-DISCHARGE&CO .

13-JOSE CARRION

›  13-MTD

13-ORDERS ...  (3)

13-OTHER (9)

13-PROOF O... (10)

13-RECOMENDATION

›  1A-NEW CL... (101)

›  1B FILED CL... (85)

2-RETURNED.. (176)

2-US TRUSTEE emails

7-341 MEETI... (1)

›  7-Ch 7 Court em

7-MTD

7-Proof of Claim

7-S.of Share... (2)

7-TRUSTEES OFFICE ...

AMBIENTAL ... (2)

BESTCASE (5)

CAFE 3 PICA.. (1)

CASOS HERENCIA

DORIS (1)

Drafts

FRENTE UNIDO

›  OFICINA O... (8)

15-07632 JO ANNE VAZQUE...    People    📎    ✐

**Elbia I. Vazquez Davila** <evazquezdavila@yahoo.com>

To  nhernanz1@retiro.pr.gov,    12/04/15 at 5:01 PM

mmuri01@retiro.pr.gov

BCC  Jo Anne Vazquez

Buenas tardes.

Por instrucciones de la Lcda. Elbia I Vázquez
remito notificación de violación a la sección
362 en el caso de referencia.

Cordialmente,

Por: Rebecca Rodriguez- Paralegal
Oficina Legal Vázquez & Goenaga
Calle Principal #21 Urb. El Retiro
San German, Puerto Rico 00683
787-892-0300 (Tel.)
888-630-4498 (Fax)
evazquezdavila@yahoo.com
http://www.leydequiebra.com

CONFIDENTIALITY NOTE: This communication
contains information belonging to OFICINA
LEGAL VÁZQUEZ & GOENAGA,which is
confidential and/or legally
privileged. The information is intended only for the
use of the individual or entity named above. If you
are not the intended recipient, you are
hereby notified that any disclosure, copying,
distribution or the taking of any action in reliance on
the contents of said information is
strictly prohibited. If you have received this
communication by error, please notify us
immediately.

Carta Jo A .pdf

## OFICINA LEGAL VÁZQUEZ & GOENAGA

Calle Principal # 21
Urbanización El Retiro
San Germán, PR 00683

4 de diciembre de 2015

Lcda. Natalia Hernández
nhernanz1@retiro.pr.gov
Sra. Mirna Muriel
mmuri01@retiro.pr.gov

### RE: 15-07632 Violación a Secc. 362

Estimada Lcda. Hernández:

Me dirijo a ustedes en representación de la Sra. Jo Anne Vázquez Rodríguez, quien radico una Petición bajo el Capítulo 7 de la Ley de Quiebra, caso 15-07632 el 30 de septiembre de 2015. El Sistema de Retiro radicó el 22 de octubre de 2015 una reclamación por una deuda asegurada, garantizada con la propiedad de mi cliente.

Mi cliente entregó en su quiebra la deuda hipotecaria porque no tiene la capacidad económica de pagar la hipoteca. A pesar de ello, el Sistema de Retiro le sigue descontando de nómina mensualmente el pago de la hipoteca.

Dicha actuación por parte de la agencia es una violación a la Orden de Paralización emitida por el Tribunal de Quiebras en este caso. Toda deducción para el pago de esta deuda tiene que detenerse inmediatamente y el dinero retirado debe ser devuelto a mi cliente.

Solicito por este medio se atienda este asunto a la mayor brevedad.

Atentamente,

/s/Elbia I. Vázquez Dávila
Lcda. Elbia I. Vázquez Dávila

Tel: (787)892-0300
Email: evazquezdavila@yahoo.com

Fax: 1-888-630-4498
Página: www.leydequiebra.com

Agencia para el Alivio de Deudas

## OFICINA LEGAL VÁZQUEZ & GOENAGA

Calle Principal # 21
Urbanización El Retiro
San Germán, PR 00683

28 de enero de 2015

Administración Sistemas de Retiro- División Legal
P.O. Box 42003
San Juan, Puerto Rico 00940-2203

> **RE:** **José L. Rodríguez Ruiz y Jo Anne Vázquez Rodríguez**
> **15-07632 Capítulo 7, Ley de Quiebra**

Estimados Señores:

Me dirijo a ustedes en representación de los deudores de referencia quienes el 30 de septiembre del 2015 radicaron una Petición bajo el capítulo 7 del Código de Quiebra. Mis clientes tenían dos préstamos con el Sistema de Retiro: uno hipotecario y el otro personal. Ambos fueron incluidos en la Petición y ustedes fueron debidamente notificados. Ustedes radicaron la correspondiente reclamación el 22 de octubre de 2015. Con relación a la deuda asegurada, en la Declaración de Intención (Statement of Intentions), mis clientes "entregaron" la propiedad que garantiza la deuda.

Conforme a la Orden de Paralización emitida por el Tribunal, la cual se emitió el 30 de septiembre, el Sistema de Retiro venía obligado a suspender toda gestión de cobro sobre la referida deuda. A la fecha de esta carta todavía le siguen descontando el pago del préstamo hipotecario, lo cual constituye una violación a la sección 362 del Código de Quiebras.

Mis clientes han realizado múltiples llamadas tanto a la División de Nóminas de la Policía de Puerto Rico como al Sistema de Retiro solicitando que cesen los descuentos, sin embargo, han hecho caso omiso.

El día 4 de diciembre del 2015, la subscribe se comunicó por teléfono a la división de préstamos hipotecarios y denunció la situación. En esa ocasión me proveyeron los nombres de la Lcda. Natalia Hernández y la Sra. Mirna Muriel, ya que supuestamente eran las personas que podían resolver esta situación. Una comunicación electrónica les fue dirigida ese mismo día.

Tel: (787)892-0300                                           Fax: 1-888-630-4498
Email: evazquezdavila@yahoo.com                    Página: www.leydequiebra.com

Agencia para el Alivio de Deudas

**In Re: José L. Rodríguez Ruiz y Jo Anne Vázquez Rodríguez**
**Caso Núm.: 15-07632**
**Violación a Sección 362**
**Página 2**

En ánimo de evitar una reclamación judicial, les estoy solicitando que inmediatamente se detengan los descuentos del préstamo de mi cliente y le reembolsen todos los descuentos a partir del 30 de septiembre de 2015.

Atentamente,

Elbia I Vázquez Dávila



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Administracion Sistema
de Retiro - Div. Legal
PO Box 42083
San Juan PR
        00940-22.03

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)    7014 3490 0000 2706 0713

PS Form 3811, July 2013          Domestic Return Receipt