## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 15-07632 |
| JOSE L. RODRIGUEZ RUIZ<br>IN RE JO ANNE VAZQUEZ RODRIGUEZ | Chapter 7 |
| **DEBTOR** | |
| JOSE L RODRIGUEZ RUIZ<br>JO ANNE VAZQUEZ RODRIGUEZ | ADV. NO. 16-00205 |
| **PLAINTIFF** | |
| Vs. | |
| RETIREMENT SYSTEM ADMINISTRATION (RSA)<br>GOVERNMENT EMPLOYEES ASSOCIATION (AEELA)<br>PUERTO RICO POLICE DEPARTMENT (PPD) | |
| **DEFENDANT** | |

## ANSWER TO COMPLAINT

TO THE HONORABLE EDWARD A. GODOY
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, the Retirement System Administration (hereinafter "RSA"), through its respective undersigned counsel and very respectfully ALLEGES, STATES and PRAYS as follows:

### I. PRELIMINARY STATEMENT:

1. The allegations in paragraph number 1 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

2. The allegations in paragraph number 2 are denied.

1

## II. JURISDICTION, VENUE AND PARTIES:

3. As to paragraph 3 and the jurisdictional statement of the Complaint, it is solely admitted that this Honorable Court has jurisdiction pursuant to 28 U.S.C. §1334.

4. The allegations in paragraph number 4 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

5. As to paragraph 5 of the Complaint, it is admitted that Jo Anne Vazquez Rodriguez and Jose Rodriguez Ruiz are the named debtors in a Chapter 7 petition under the Bankruptcy Code, case no. 15-07632. The rest of the allegations in paragraph 5 are denied.

6. The allegations in paragraph number 6 contain general factual conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

7. Paragraph 7 is admitted to the extent that RSA is a Defendant in this proceeding. The rest of the allegations are denied.

8. As to paragraphs 8, 9 and 10, they do not require an answer from the appearing party. If an answer is required, it is denied.

## III. FACTS:

9. As to paragraph 11, the first sentence of this paragraph does not require an answer from the appearing party. If an answer is required, at this juncture, it is denied.

10. As to paragraphs 12 and 13 it is denied for lack of information from the appearing party.

11. Paragraph 14 of the complaint is admitted.

12. The allegations in paragraph 15 do not require an answer from the appearing party.

If an answer is required, it is denied.

13. As to paragraph 16 the first sentence of this paragraph it is denied for lack of information we don't have any knowledge of this information. The last sentence of this paragraph is denied as drafted.

14. Paragraph 17 is denied as drafted.

15. Paragraph 18 is denied as drafted.

16. Paragraph 19 is denied.

17. As to paragraph 20, it is denied for lack of information from the appearing party.

### IV. BANKRUPTCY PROCESS:

18. Paragraph 21 is denied as drafted.

19. Paragraph 22 is denied as drafted.

20. Paragraph 23 is denied.

21. Paragraph 24 is denied.

22. Paragraph 25 is denied as drafted.

23. Paragraph 26 is denied as drafted.

24. Paragraph 27 is denied as drafted.

25. Paragraph 28 is denied.

26. As to paragraph 29, it is denied for lack of information from the appearing party.

### V. STATUTORY AND LEGAL FRAMEWORK:

27. The allegations in paragraph number 30 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

28. The allegations in paragraph number 31, 32, 33, 34, 35, 36 and 37 contain general

legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

### VI. PLAINTIFF'S LEGAL ARGUMENTS:

29. Paragraph 38 is denied.

30. The allegations in paragraph number 39 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

31. The allegations in paragraph number 40, 41, 42, 43, 44, 45 and 46 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

32. Paragraph 47 is denied for lack of knowledge of the appearing party. If an answer is required, it is denied.

33. The allegations in paragraph number 48 contain general legal conclusions and statements, and therefore, do not require an answer from the appearing party. If an answer is required, it is denied.

### VII. RELIEF REQUESTED:

34. Paragraphs 49, 50 and 51 are denied.

35. Paragraph 52 is denied for lack of knowledge of the appearing party. If an answer is required, it is denied.

36. Paragraph 53 is denied.

### VIII. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. RSA has not incurred in any act to collect, assess or recover a discharged debt

4

against the Plaintiff.

3. RSA's loan was secured by a mortgage on the real property and by Plaintiff's contributions to the Retirement System by virtue of a statutory lien by Article 4-110 of Law 447 of May 15, 1951.

4. RSA has not incurred in any act against Plaintiffs nor has it acted with any maliciousness.

5. RSA has not acted in bad faith nor has it engaged in coercion or harassment or any egregious violation, and/or violated this Court's discharge order.

6. Plaintiff's allegations against the RSA are vicious and ungrounded.

7. Plaintiff's damages allegations are generalized assertions without any kind of specificity of facts or allegation to support them.

8. Plaintiff has not suffered actual damages.

9. The facts of this case do not justify awarding punitive damages because RSA is a governmental unit.

10. The allegations in this case do not justify awarding costs or attorney's fees to plaintiff.

11. Plaintiff did not mitigate damages.

12. Plaintiff is estopped from bringing this action.

13. Statute of limitations applies.

14. This action if frivolous and without cause.

15. There is no causal connection between the damages allegedly suffered by Plaintiff, and, any act or omission of RSA.

16. Doctrines of justiciability may apply in the present case.

17. Principle of "laches" may apply in the present case.

18. Third parties not included and/or not know at the present time are or may be liable to the Plaintiff.

19. Any allegation in the complaint not expressly and/or affirmatively admitted shall be considered denied.

20. RSA, reserves the right to raise additional affirmative defenses that may arise during the discovery procedure and/or the course of the litigation.

**WHEREFORE**, it is respectfully requested from this Honorable Court to DENY Plaintiff's Complaint, granting RSA expenses, fees and costs and any other relief that this Honorable Court may deem just, equitable and appropriate.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this February 10th, 2017.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**: That on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to the attorney for Plaintiff, Elba I. Vazquez Davila, Esq. I further certify that I have served this document by electronic means to the CM/ECF participants and or a true and correct copy by regular mail to the non-CM/ECF participants.

*/s/ Javier Vilariño*
JAVIER VILARIÑO
USDC NUM. 223503
E-mail: jvilarino@vilarinolaw.com

**VILARINO & ASSOCIATES LLC**
PO BOX 9022515
San Juan, PR 00902-2515
Tel. (787) 565-9894